PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
July 21, 1967
Honorable Claude R. Kirk,
Governor of Florida
The Capitol
Tallahassee, Florida.
Dear Governor:—
We have the honor to acknowledge your communication of July 17, 1967, requesting our advice pursuant to Section 13, Article IV, Florida Constitution, F.S.A., relating to certain executive powers and duties.
Omitting the formal parts and the attachment, your letter reads as follows:—
“Pursuant to the provisions of Section 13 of Article IV, Florida Constitution, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor’s powers and duties.
“According to the provisions of Section 14 of Article IV, all Commissions must be, ‘signed by the Governor.’ Except as may be otherwise expressly provided by law, assistant state attorneys are required to be appointed by the Governor with the consent of the Senate, for a term of 4 years. (See Section 27.20, et seq., F.S.A.)
• “The terms of office of several assistant state attorneys have expired, effective July 1, 1967, necessitating an executive appointment and the issuance of new Commissions.
“The 1967 Legislature enacted into law, Senate Bill No. 486 (Chapter 67-188, Laws of Florida), a copy of which is enclosed, which abolished the office of assistant state attorney on the effective date of the act. Section 8 provides that Senate Bill No. 486, ‘shall take effect September 1, 1967.’ Section 1 of this law provides in part, among other things that: ‘Upon the expiration of the term of office being served by each assistant state attorney who holds such office on the date this act becomes effective, st office shall become abolished. Also each office of assistant state attorney not held by an incumbent on the date this act becomes effective shall stand abolished on the effective date hereof * * * ’
“It appears, by virtue of the foregoing language, that I would be authorized until September 1, 1967 to issue a Commission for the office of assistant state attorney for a term of 4 years. In view of the above quoted provisions, should I, as Governor, proceed to issue a Commission to assistant state attorneys for a 4 year term?”
Section 27.21, Florida Statutes 1965, provides :—
“Assistants, appointments, terms, in circuits of one hundred ninety-two thousand or less population; exception.—
*448 “(1) In all judicial,;'circuits having a population of less than one hundred ninety-two thousand, accordingly to the last state census, the governor by and with the consent of the senate shall appoint assistant state attorneys, except that in the sixth judicial circuit and the seventh judicial circuit the governor by and with the consent of the senate shall appoint two assistant state attorneys, whose terms of office shall be for four years and who are hereby vested with all the powers and shall discharge all the duties of the state attorney, including the right to sign indictments, information and other documents, which he shall sign as assistant state attorney and when the same are so signed they shall have the same force and effect as if signed by the state attorney. The division of work and duties of such assistant state attorneys shall be under and upon the direction of their respective state attorneys in each judicial circuit, with the consent of the judges of such circuit.”
Thus the initial appointment of the various assistant state attorneys authorized under this act began official four-year cycles for the original appointee and his successors in office. The 1967 Legislature enacted into law Chapter 67-188, Laws of Florida, which abolished the office of assistant state attorney as it now exists upon the effective date of the act and then provided that the act “shall take effect September 1, 1967.” The 1967 act also deals with other subject matter not involved in your inquiry.
We learn from your letter that vacancies now exist in some of the positions of assistant state attorney. The 1967 act also contains a provision “All laws and parts of laws in conflict herewith are hereby repealed.” Thus upon the 1967 act becoming effective it would repeal the authority now vested in the Governor to appoint assistant state attorneys.
It is our opinion and we advise you that Chapter 67-188, Laws of Florida, has no repealing effect whatever until the effective date of September 1, 1967, and between now and that time Section 27.21, Florida Statutes 196S, F.S.A., is the controlling law in the situation presented. Under Section 27.21, supra, you have the executive power to make an appointment of assistant state attorney where any vacancy exists for the unexpired portion of the term created by the vacancy up to and including a period of four years.
Section 27.22, Florida Statutes 1965, relates to assistant state attorneys in circuits of more than 192,000 population, and provides the same appointive method as set forth in Florida Statutes 27.21, supra. The same rule of construction would apply, except that the term or unexpired term hereunder cannot extend beyond the term of the state attorney under whom he is serving.
In summary, we advise you that any appointments to fill vacancies in the office of assistant state attorney throughout the state should be by you under either Section 27.21, or Section 27.22, Florida Statutes 1965, and upon such appointment being made, the appointee shall be entitled to hold for the unexpired term to which he has been appointed and will be an incumbent on September 1, 1967 and accordingly entitled to the protection provided in Chapter 67-188, Laws of Florida, for persons holding the office on that date.
Respectfully,
STEPHEN C. O’CONNELL,
Chief Justice,
B. K. ROBERTS,
E. HARRIS DREW,
CAMPBELL THORNAL,
MILLARD F. CALDWELL,
RICHARD W. ERVIN,
ELWYN THOMAS*,
Justices.

 NOTE: THOMAS, J. not participating; because of absence due to a death in his family.